UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PANAGIOTIS KONDYLIS, PETITIONER | * * * | CIVIL ACTION |
| | | NO. 25-cv-0610 |
| VERSUS | * * | |
| | | SECTION "I" (2) |
| MICHELLE DAUZAT, WARDEN, RESPONDENT | * * | |

**RESPONSE TO PETITION FOR *HABEAS CORPUS* RELIEF**

**OVERVIEW**

Panagiotis Kondylis is a state prisoner incarcerated at the David Wade Correctional Center in Homer, Louisiana. He is serving a ninety-nine year sentence as a result of his conviction for **[offense]** and his subsequent adjudication as a **[habitual offender].** Kondylis has petitioned this Court for a writ of habeas corpus, contending his incarceration is in violation of his rights under the United States Constitution.

Because Kondylis's petition is untimely, the Court should dismiss the petition with prejudice and otherwise deny relief.

# **TABLE OF CONTENTS**

OVERVIEW ........................................................................................................................ 1

PRELIMINARY MATTERS ............................................................................................... 3

TIMELINESS ...................................................................................................................... 7

    1.    The one-year period of limitations commenced to run on August 27, 2016 ............................................................................................... 7

    2.    The one-year period of limitations expired on August 27, 2017 .............. 8

    3.    The habeas corpus petition was filed March 19, 2025 ............................ 8

    4.    The petitioner shows no basis for excusing his non-compliance with the period of limitations ................................................................. 8

RESERVATION OF RIGHTS ............................................................................................. 9

CONCLUSION AND PRAYER ........................................................................................ 10

CERTIFICATE OF SERVICE .......................................................................................... 10

# PRELIMINARY MATTERS

### 1. Custody.

The respondent does not dispute that the petitioner is in custody.

### 2. The state court record.

The respondent has filed, along with this Response, the complete state court record which is described in the separately filed *Notice of Lodging of State Court Record Materials*.

### 3. The facts of the case.

The details of the petitioner's offense are not pertinent to the resolution of his petition.

### 4. The petitioner's claims.

The claims raised in the habeas petition are not pertinent to the resolution of his petition.

### 5. Facts relevant to the calculation of the period of limitations.

#### A. Proceedings leading to conviction and sentence.

| | | |
|---|---|---|
| May 13, 2010 | The district attorney institutes prosecution of the defendant for distribution of cocaine, La. R.S. 40:967. | SCR, Vol. 1, pp. 43 -44. |
| August 6, 2012 | Jury trial; petitioner convicted by 10-2 verdict. | SCR, Vol. 1, pp. 35-38. |
| Nov. 27, 2012 | The district attorney files a habitual offender bill of information pursuant to La. R.S. 15:529.1. | SCR, Vol. 1, pg. 66. |
| Feb. 4, 2013 | The petitioner admits to five prior felony convictions. The trial court adjudicates him a habitual offender and imposes a thirty-five year sentence. | SCR, Vol. 1, pp. 41-42, 63-64; SCR, Vol. 2, pp. 189-197. |

B. **Direct review proceedings.**

| Feb. 14, 2013 | The petitioner moves for appeal. | SCR, Vol. 1, pg. 61. |
|---|---|---|
| Dec. 27, 2013 | The Louisiana First Circuit Court of Appeal affirms the petitioner's conviction, but vacates his sentence on grounds that it is illegally lenient because the Habitual Offender Law requires the imposition of a life sentence. *State v. Kondylis*, 13-0683 (La. App. 1 Cir. 12/27/13), 2013 WL 6858346. | SCR, Vol. 6, pp. XX-YY. |
| Jan. 27, 2013 | The petitioner seeks review of the First Circuit's ruling from the Louisiana Supreme Court. | SCR, Vol. 5, pp. 6-28. |
| Oct. 3, 2014 | The Louisiana Supreme Court grants the petitioner's writ application in part based upon the petitioner's allegation that "the [thirty-five year] sentence had been negotiated and imposed pursuant to an agreement with the state and the trial court." The Court then remanded to the trial court "for purposes of determining whether the 35-year term of imprisonment at hard labor without benefit of probation or suspension of sentence imposed by the trial court came as a result of an agreement reached by defense counsel, the prosecutor, and the court." *State v. Kondylis*, 14-0196 (La. 10/03/14), 149 So.3d 1210. | SCR, Vol. 5, pp. 1-5. |

C. **Proceedings on remand from the Louisiana Supreme Court.**

| | | |
|---|---|---|
| May 11, 2016 | After multiple continuances, the evidentiary hearing ordered by the Louisiana Supreme Court is held. The trial court finds that "no agreement was made." After finding that no agreement was made, the trial maintained the petitioner's habitual offender and imposed a life sentence. | SCR, Vol. 6, pg. 9. |
| (unknown) | At an off-the-record conference, the parties agree to vacate the habitual offender adjudication and sentence and re-set the matter for a habitual offender hearing.[1] | (Based on the undersigned counsel's recollection.) |
| June 9, 2016 | The petitioner provides notice of his intent to seek supervisory review of the trial court's May 11, 2016 ruling that "no agreement was made." | SCR, Vol. 6, pp. 62-63. |
| June 13, 2016 | The trial court rules on the notice of intent as follows: "Moot. Judgment of May 11, 2016 vacated. Matter reset for 6/29/16." | SCR, Vol. 6, pg. 64. |
| June 29, 2016 | The matter is continued to 7/27/2016. | SCR, Vol. 6, pp. 10. |
| July 27, 2016 | An agreement is reached whereby the defendant is sentenced to a term of years rather than life, and that term of years is ninety-nine years. The trial court imposes sentence. | SCR, Vol. 6, pp. 11, 65-67. |

---

[1] The undersigned's recollection is as follows. The petitioner through counsel argued that he only stipulated to his status as a fourth or subsequent felony offender because he thought it would result in a thirty-five year sentence (i.e., not a life sentence). He argued that, since the thirty-five year sentence had been vacated, he ought to have a chance to contest the validity of the prior felony convictions alleged in the habitual offender adjudication. The petitioner further argued that he ought to have an opportunity to present evidence to support the kind of downward departure from the mandatory life sentence authorized by *State v. Dorthey*, 626 So.2d 1276 (La. 1993). The prosecution had no objection to proceeding in the manner proposed by the petitioner.

### D. Further direct review of the proceedings on remand.

The petitioner did not make or file a motion to reconsider sentence following the imposition of the ninety-nine year sentence on July 27, 2016.

The petitioner also did not appeal the sentence imposed July 27, 2016.

### E. Collateral review proceedings.

The petitioner filed three rounds of applications for state post-conviction or other collateral review.

1. The petitioner's first application for post-conviction relief was filed July 20, 2018, and was denied by the district court, and was ultimately denied by the Louisiana Supreme Court on November 5, 2019. *State v. Kondylis*, 18-1467 (La. App. 1 Cir. 12/26/18), 2018 WL 6818921, *writ denied*, 19-0231 (La. 11/05/19), 281 So.3d 664. See SCR, Vol. 6, pp. 68-85, 92, 94-105, 128 (district court pleadings and ruling); SCR, Vol. 8 (writ application to Louisiana Supreme Court).[2]

2. The petitioner next filed a *Motion to Enforce Terms of Plea Agreement*, by which he sought to re-litigate the results of the May 11, 2016 hearing. The motion was filed January 19, 2019, and denied by the district court, and was ultimately denied by the Louisiana Supreme Court on November 18, 2020. *State v. Kondylis*, 19-0394 (La. App. 1 Cir. 6/10/19), 2019 WL 2422838, *re-filed with deficiencies corrected*, 19-1049 (La. App. 1 Cir. 9/30/19), 2019 WL 47515798, *writ denied*, 19-1965 (La. 11/18/20), 304 So.3d 417. See SCR, Vols. 9-11.

3. Finally, the petitioner filed a second application for post-conviction relief on March 30, 2021, seeking retroactive application of *Ramos v. Louisiana*, 140

---

[2] The petitioner did seek supervisory review with the First Circuit Court of Appeal before seeking review with the Louisiana Supreme Court. However, as noted on footnote 2 of page 2 of the *Notice of Lodging of State Court Record*, a copy of the writ application filed by the petitioner with the First Circuit Court of Appeal is no longer available due to the passage of time.

S. 1390 (2020). That application was denied by the district court, and was ultimately denied by the Louisiana Supreme Court on September 24, 2024. *State v. Kondylis*, 23-1103 (La. App. 1 Cir. 1/18/24), 2024 WL 195966, *re-filed with deficiencies corrected*, 24-0151 (La. App. 1 Cir. 5/13/24), 2024 WL 2132387, *writ denied*, 24-0701 (La. 9/1824/24), 392 So.3d 1146. See SCR, Vols. 12-14.

## TIMELINESS

The respondent submits that Kondylis's habeas petition is time-barred.

### 1.   The one-year period of limitations commenced to run on August 27, 2016.

A petitioner must file a habeas corpus petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[3]

As is pertinent here, the "judgment" is the sentence imposed by the court. *Scott v. Hubert*, 635 F.3d 659 (5th Cir. 2011). When a sentence is imposed, then vacated, and a new sentence is imposed, the sentence that matters is the most recently-imposed sentence. *Id*.

Here, the pertinent sentence was imposed on July 27, 2016. The petitioner then had thirty days—that is, until August 26, 2016—to either seek reconsideration of the sentence or to move for appeal the sentence. La. C.Cr.P. art. 914. He did neither. The time for seeking direct review therefore expired on August 26, 2016.

The one-year period of limitations commenced to run the following day, August 27, 2016. In order for the instant habeas corpus petition to be timely, the petitioner had to file it on or before August 27, 2017 unless the one-year period was extended through tolling.

---

[3]   There are exceptions to this general rule, but none apply here.

**2.     The one-year period of limitations expired on August 27, 2017.**

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). An application is "pending" from "the day it is filed through (and including) the day it is resolved." *Windland v. Quarterman*, 578 F.3d 314, 315 (5th Cir. 2009).

A review of the district court record shows that the petitioner did not file an application for State post-conviction or other collateral review (or anything else) on or before August 27, 2017.

He did file a number of pleadings, but the first such pleading was not filed until July 20, 2018. Those pleadings did not and could not toll the period of limitations because the period of limitations had already expired.

**3.     The habeas corpus petition was filed March 19, 2025.**

The instant habeas corpus petition was filed March 19, 2025 (Rec. Doc. 3). It was not timely filed because March 19, 2025 is not on or before August 27, 2017.

**4.     The petitioner shows no basis for excusing his non-compliance with the period of limitations.**

Equitable tolling of the one-year period of limitations is warranted when petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631 (2010) (citation omitted). There is no basis for concluding that either of these things occurred in this case.

The one-year period of limitations may also be bypassed upon a showing of actual innocence based upon "new reliable evidence" that was "not presented at

trial." See, e.g., *Floyd v. Vannoy*, 894 F.3d 143, 154-155 (5th Cir. 2018). The petitioner has presented no new evidence in support of a claim of factual innocence. He necessarily fails to make the showing necessary to authorize the Court to bypass the statute of limitations.

* * *

Panagiotis Kondylis's habeas corpus petition was filed March 19, 2025 (Rec. Doc. 3). The period of limitations, however, expired on August 27, 2017 (§§ 1-2, above) and no exception to the period of limitations applies (§ 4, above). The habeas corpus petition is therefore untimely.

## RESERVATION OF RIGHTS

The respondent, Michelle Dauzat, asserts that the petition of Panagiotis Kondylis should be dismissed because his petition is untimely. Accordingly, the respondent does not address the issues of exhaustion, or procedural default, or the merits of the petitioner's claims. However, the respondent does not expressly waive any procedural objections or defenses and would respectfully reserve the right to submit additional documentation, procedural objections, defenses, and/or argument on the merits should this Court order additional briefing.

## CONCLUSION AND PRAYER

For the reasons explained above, the habeas corpus petition is untimely. Respondent therefore respectfully requests that this Court dismiss the instant petition with prejudice and otherwise deny relief.

Respectfully Submitted,

/s/ Matthew Caplan
Matthew Caplan
Assistant District Attorney
22nd Judicial District
701 N. Columbia Street
Covington, Louisiana 70433
Tel: (985) 809-8398
Email: mcaplan@22da.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon petitioner by mailing a copy, postage pre-paid, to:

> Panagiotis Kondylis, DOC # 519597
> David Wade Correctional Center
> 670 Bell Hill Road
> Homer, LA 71040

This 8th day of May, 2025, Covington, Louisiana.

/s/ Matthew Caplan
Matthew Caplan
Assistant District Attorney
