UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PANAGIOTIS KONDYLIS | CIVIL ACTION |
| VERSUS | NO. 25-0610 |
| MICHELLE DAUZAT, WARDEN | SECTION "I"(2) |

### REPORT AND RECOMMENDATION

Petitioner Panagiotis Kondylis filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 3) which was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.[1] For the following reasons, I recommend that the petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time barred.

### I.   FACTUAL BACKGROUND

Petitioner Panagiotis Kondylis is a convicted inmate incarcerated in the David Wade Correctional Center in Homer, Louisiana.[2] On May 13, 2010, Kondylis was charged by a bill of information in St. Tammany Parish with distribution of a schedule II controlled dangerous substance (cocaine) in violation of LA. REV. STAT. § 40:967A(1).[3] Kondylis pleaded not guilty.[4]

---

[1] A district court may hold an evidentiary hearing only when the petitioner shows either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence (*id*. § 2254(e)(2)(A)(ii)) *and* the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. *Id*. § 2254(e)(2)(B).
[2] ECF No. 3 at 1.
[3] The State electronically filed the record at ECF No. 7, 7-1, 7-2, 7-3, 7-4, 7-5, 7-6, 7-7, 7-8, 7-9, 7-10, 7-11, 7-12, 7-13, and 7-14. ECF No. 7-1 at 43-44, Bill of Information, 5/13/10.
[4] *Id.* at 8, Min. Entry, 6/3/10.

The Louisiana First Circuit Court of Appeal summarized the facts established at trial as follows in relevant part:

> On June 16, 2009, officers with the St. Tammany Parish Sheriff's Office conducted a narcotics investigation wherein a confidential informant and an undercover agent met with the defendant in the Murphy Oil parking lot at Walmart on Natchez Drive in Slidell, Louisiana. The undercover agent approached the defendant's truck and talked with the defendant. At the defendant's direction, the undercover agent took cocaine out of the cup holder inside of the defendant's truck and left $150.00 inside of the cup holder. The agent wore an audio recording device during the transaction, and a recording of the transaction was played for the jury at trial.[5]

On August 7, 2012, a non-unanimous jury found Kondylis guilty as charged by a verdict of 10-2.[6] The state subsequently filed a multiple offender bill of information.[7] At the multiple offender bill hearing, Kondylis admitted to the allegations of the multiple bill, the trial court adjudicated him a sixth-felony habitual offender, and sentenced him thirty-five years at hard labor without the benefit of probation or suspension of sentence.[8]

On direct appeal to the Louisiana First Circuit, Kondylis's appointed attorney asserted the following claims: (1) the trial court improperly allowed cross-examination of Kondylis relative to subsequent arrests; (2) the trial court erred in allowing evidence of Kondylis's subsequent arrest in rebuttal to the entrapment defense; (3) the trial court erred in failing to grant Kondylis's motion for a mistrial; and (4) the trial court erred in allowing the conviction to stand with only nine guilty votes.[9]

On December 27, 2014, the Louisiana First Circuit affirmed Kondylis's conviction, finding all of the claims to be meritless, but amended the sentence to imprisonment for the remainder of

---

[5] *State v. Kondylis*, No. 2013-KA-0683, 2013 WL 6858346, at *1 (La. App. 1st Cir. Dec. 27, 2013); ECF No. 7-5 at 31-32, La. App. 1st Cir. Opinion, 2013-KA-0683, 12/27/13.
[6] ECF No. 7-1 at 38, Min. Entry, 8/7/12.
[7] *Id.* at 66, Multiple Offender Bill of Information, 11/27/12.
[8] *Id.* at 41-42, Min. Entry, 2/4/13.
[9] ECF No. 7-4 at 46, Appeal Brief, 2013-KA-0683, 7/5/13.

2

Kondylis's natural life without benefit of parole, probation or suspension of sentence.[10] The court also found that the trial court held a hearing and amended the transcript to reflect that ten of the twelve jurors voted to convicted Kondylis.[11]

On October 3, 2014, the Louisiana Supreme Court granted in part Kondylis's writ application and remanded the case for a determination of whether the 35-year term of imprisonment was imposed as a result of an agreement reached by defense counsel, the prosecutor, and the trial court.[12]

On May 11, 2016, after an evidentiary hearing, the trial court found that "no agreement was made under the provisions of 890.1."[13] The trial court sentenced Kondylis to life imprisonment at hard labor to be served without the benefit of probation, parole or suspension of sentence.[14] The trial court later vacated the judgment.[15]

On July 27, 2016, the prosecution and Kondylis stipulated that he was a fourth felony offender, and the trial court sentenced him to 99 years at hard labor without the benefit of probation or suspension of sentence.[16] Kondylis did not move for reconsideration of or appeal the sentence.

On July 20, 2018, Kondylis filed a counseled application for post-conviction relief asserting two claims for relief:[17]

> (1) ineffective assistance of counsel for failure to investigate allegations of corruption and conflict of interest; and

---

[10] *Kondylis*, 2013 WL 6858346, at *1-4; ECF No. 7-5 at 36-37, La. App. 1st Cir Opinion, 2013-KA-0683, 12/27/13.
[11] *Id.* at *1 n.1; ECF No. 7-5 at 31, La. App. 1st Cir Opinion, 2013-KA-0683, 12/27/13.
[12] *State v. Kondylis*, 149 So. 3d 1210 (La. 2014); ECF No. 7-5 at 1-5, La. S. Ct. Order, 2014-K-0196, 10/3/14.
[13] ECF No. 7-6 at 9, Min. Entry, 5/11/16.
[14] *Id.*; *id.* at 61, Uniform Commitment Order, 5/11/16.
[15] *Id.* at 64, Order, 6/13/16. According to the prosecutor, Kondylis's counsel argued that Kondylis only stipulated to his status as a fourth or subsequent felony offender because he thought it would result in a 35-year sentence, and, as the 35-year sentence had been vacated, he should have an opportunity to contest the validity of the prior felony convictions. ECF No. 8 at 5 n.1. The parties apparently agreed to vacate the habitual offender adjudication and sentence and reset the matter for a habitual offender hearing. *Id.*
[16] ECF No. 7-6 at 11, Min. Entry, 7/27/16; *id.* at 65, Uniform Commitment Order, 7/27/16; *id.* at 66-67, Reasons for Judgment, 9/6/16.
[17] ECF No. 7-6 at 68-91, Uniform Application for Post-Conviction Relief, 7/20/18.

(2) newly discovered evidence in the form of the indictment of the lead District Attorney investigator.

On September 4, 2018, the State filed a response.[18] On September 13, 2018, the trial court denied Kondylis's application finding it to be without merit.[19] The Louisiana First Circuit denied Kondylis's related writ application without assigning reasons.[20] On November 5, 2019, the Louisiana Supreme Court denied Kodylis's related writ application, finding that he "fail[ed] to show that he received ineffective assistance of counsel under the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). As to the remaining claim, applicant fails to satisfy his post-conviction burden of proof. La.C.Cr.P. art. 930.2."[21]

On February 14, 2019, Kondylis filed a *pro se* motion to enforce terms of plea agreement, which the trial court denied.[22] On June 10, 2019, the Louisiana First Circuit denied Kondylis's related writ application on the showing made.[23] Kondylis refiled his petition, correcting the deficiencies, and the Louisiana First Circuit denied relief without assigning reasons on September 30, 2019.[24] The Louisiana Supreme Court denied the related writ application.[25]

Kondylis then filed a counseled second application for post-conviction relief on March 30, 2021, seeking retroactive application of *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020).[26] While his application was pending, in June 2023, Kondylis filed a *pro se* amendment to his application in which he claimed that he was entitled to a new trial pursuant to *Ramos* and that his counsel

---

[18] ECF No. 7-6 at 94-127, State's Response Application for Post-Conviction Relief, 9/4/18.
[19] ECF No. 7-6 at 128, Order, 9/13/18.
[20] *State v. Kondylis*, No. 2018-KW-1467, 2018 WL 6818921 (La. App. 1st Cir. Dec. 26, 2018); ECF No. 7-8 at 20, La. App. 1st Cir. Order, 2018-KW-1467, 12/26/18.
[21] *State v. Kondylis*, 281 So. 3d 664 (La. 2019); ECF No. 7-8 at 1-3, La. S. Ct. Order, 19-KH-0231, 11/5/2019.
[22] ECF No. 7-6 at 133-35, Motion to Enforce Terms of Plea Agreement, 2/14/19; ECF No. 7-9 at 16, Order Denying, 2/19/19.
[23] *State v. Kondylis*, 2019-KW-0394, 2019 WL 2422838 (La. App. 1st Cir. June 10, 2019); ECF No. 7-6 at 138, La. App. 1st Cir. Order, 2019-KW-0394, 6/10/19.
[24] *State v. Kondylis,* No. 2019-KW-1049, 2019 WL 4751579 (La. App. 1st Cir. Sept. 30, 2019); ECF No. 7-10 at 1, La. App. 1st Cir Order, 2019-KW-1049, 9/30/19.
[25] *State v. Kondylis,* 304 So. 3d 417 (La. 2020); ECF No. 7-11 at 1, La. S. Ct. Order, 2019-KH-01965, 11/18/20.
[26] ECF No. 7-6 at 142-85, Second or Subsequent Uniform Application for Postconviction Relief, 3/30/21.

rendered effective assistance in failing to file a motion to suppress the search of an apartment and/or object to introduction of "other crimes" evidence as fruit of the poisonous tree.[27] The State responded that the application, as amended, was untimely.[28] On August 10, 2023, the trial court denied Kondylis's application and amendment, finding them to be untimely and that "Kondylis fails to carry his burden of showing that an exception to the two-year period of limitations applies to any of those claims. *See* La. C.Cr.P. art. 930.8(A); *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189."[29]

Kondylis's original related writ application was denied on the showing made on January 18, 2024.[30] The Louisiana First Circuit denied his refiled writ application on May 13, 2024, finding as follows:

> The new rule of criminal procedure announced in *Ramos v. Louisiana*, 590 U.S. –––, ––––, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), which provides for unanimity in jury verdicts is not retroactive in Louisiana. *State v. Reddick,* 2021-01893 (La. 10/21/22), 351 So.3d 273, 283. *See also State v. Jackson*, 2022-00720 (La. 5/16/23), 360 So.3d 473 (per curiam). Relator's conviction became final in 2016. Therefore, relator's March 29, 2021, application for postconviction relief and July 13, 2023 supplemental filing are untimely. Relator failed to demonstrate that La. Code Crim. P. art. 930.8(A) (2) is applicable to his case. Furthermore, relator's remaining claims fail to meet any of the exceptions to the La. Code Crim. P. art. 930.8 time bar, and therefore, are denied.[31]

On September 24, 2024, the Louisiana Supreme Court denied Kondylis's related writ application without assigning reasons.[32]

---

[27] ECF No. 7-7 at 149-60, Amendment to Request for Post Conviction Relief Presently Pending Before the Court, 6/8/23.
[28] *Id.* at 164-71, State's Supplemental Answer to Defendant's Successive Application for Post-Conviction Relief, 8/9/23.
[29] *Id.* at 172, Order, 8/10/23.
[30] *State v. Kondylis*, No. 2023-KW-1003, 2024 WL 195966 (La. App. 1st Cir. Jan. 18, 2024); ECF No. 7-12 at 1, La. App. 1st Cir. Order, 2023-KW-1103, 1/18/24.
[31] *State v. Kondylis,* No. 2024-KW-0151, 2024 WL 2132387 (La. App. 1st Cir. May 13, 2024); ECF No. 7-13 at 1, La. App. 1st Cir. Order, 2024-KW-0151, 5/13/24.
[32] *State v. Kondylis*, 392 So.3d 1146 (La. 2024); ECF No. 7-14 at 1, La. S. Ct. Order, 2024-KH-00701, 9/24/24.

In the interim, Kondylis filed a motion for relief under article 930.10.[33] On August 10, 2023, the trial court denied the motion as the district attorney's office indicated it did not agree to a plea agreement.[34]

## II.   FEDERAL HABEAS PETITION

On March 19, 2025, Kondylis filed a petition for federal habeas corpus relief on March 19, 2025, asserting the following claims:

(1)   illegal search and seizure resulted in fruit of the poisonous tree evidence introduced as impeachment at trial;

(2)   the trial court intentionally or negligently failed to properly dispose of his procedural motion to suppress;

(3)   ineffective assistance of counsel in failing to advise the trial court that the motion to suppress remained pending and in failing to object to the introduction of tainted evidence at trial; and

(4)   illegal sentence.[35]

On May 8, 2025, the State filed a response in opposition to Kondylis's petition asserting that the petition was not timely filed.[36] Kondylis did not file a memorandum in reply to the State's opposition, but submitted a reply letter attaching an affidavit from Walter Reed, the District Attorney for St. Tammany Parish at the time of Kondylis's prosecution.[37]

## III.   LAW AND ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996,[38] and applies to habeas petitions

---

[33] ECF No. 7-7 at 178, Motion and Order for Relief under Art. 930.1, 10/16/23.
[34] ECF No. 7-7 at 175, Order, 8/10/23.
[35] ECF No. 3 at 5, 7, 9, 10.
[36] ECF No. 8 at 7-9.
[37] ECF Nos. 9, 9-1.
[38] The AEDPA was signed into law on that date and did not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into

filed after that date.[39] For purposes of applying the AEDPA, Kondylis's federal petition is deemed filed on March 19, 2025.[40]

The two threshold questions in habeas review under the amended statute are (1) whether the petition is timely and (2) whether petitioner's claims were adjudicated on the merits in state court. In other words, has the petitioner exhausted state court remedies and is the petitioner in "procedural default" on a claim.[41]

For the reasons that follow, the State's limitations defense is supported by the record. Kondylis's petition was not timely filed under the AEDPA, and therefore, it should be dismissed with prejudice as time-barred.

### A.    **Preliminary Considerations**

The two threshold questions in habeas review under AEDPA are (1) whether the petition is timely and (2) whether petitioner's claims were adjudicated on the merits in state court. In other words, has the petitioner exhausted state court remedies and is the petitioner in "procedural default" on a claim.[42] The State asserts that Kondylis's federal habeas petition was not timely filed under the AEDPA. For the reasons that follow, the State's limitations defense is supported by the record and provides grounds for dismissal of Kondylis's petition.

---

law. *United States v. Sherrod*, 964 F.2d 1501, 1505 (5th Cir. 1992).
[39] *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).
[40] The Fifth Circuit has recognized the "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se*. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Kondylis signed and dated his petition on March 19, 2024. ECF No. 3, at 15. The petition was electronically filed on March 27, 2025. *Id.* at 16. Giving Kondylis the greatest possible benefit, March 19, 2025, is considered the filing date.
[41] *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).
[42] *Id.*.

B.    **AEDPA Statute of Limitations**

Section 2244(d)(1) of the AEDPA establishes a one-year statute of limitations for the filing of a federal habeas petition. Under § 2254(d)(1)(A), a petition must ordinarily be filed within one year of the date the conviction became final under federal law.[43] The one-year limitations period does not run from completion of state post-conviction review, but instead runs from the finality of the petitioner's conviction.[44] Kondylis's conviction was final on August 26, 2016, when he did not file an appeal or move for reconsideration of sentence within thirty days of his sentencing.[45]

Applying § 2244(d)(1)(A) literally, Kondylis had until August 26, 2017, to file his federal habeas corpus petition. He did not file his federal habeas corpus petition within this one-year period. Accordingly, his petition must be dismissed as untimely, unless the one-year statute of limitations was interrupted or tolled under one of the following two recognized bases for tolling.

1. **Statutory Tolling**

The AEDPA provides for suspension of its one-year limitations period: "The time during which a *properly filed application for State post-conviction or other collateral review* with respect

---

[43] 28 U.S.C. § 2244(d)(1)(A); *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). The statute provides for four triggering events, only one of which applies here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[44] *Flanagan*, 154 F.3d at 199 n.1.

[45] *Roberts v. Cockrell*, 319 F.3d 690, 694–95 (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); Louisiana Code of Criminal Procedure article 914 provides, in pertinent part, that a motion for an appeal must be made no later than 30 days after the rendition of the judgment or ruling from which the appeal is taken.

8

to the pertinent judgment or claim is pending *shall not be counted* toward any period of limitation under this subsection."[46] The Supreme Court has described this provision as a tolling statute.[47]

The plain language of this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings.[48] Rather, as the United States Fifth Circuit and other federal courts have held, because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one year period of limitation.[49]

For a post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing.[50] The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed *pro se* by a prisoner.[51] Applying this standard to the petitioner's state court pleadings delineated in the procedural history results in a finding that this matter is not timely.

---

[46] 28 U.S.C. § 2244(d)(2) (emphasis added).
[47] *Duncan*, 533 U.S. at 175-78.
[48] *Flanagan*, 154 F.3d at 199 n.1.
[49] *Id.*; *Brisbane v. Beshears*, 161 F.3d 1, 1998 WL 609926, at *1 (4th Cir. Aug. 27, 1998); *Gray v. Waters*, 26 F. Supp. 2d 771, 771-72 (D. Md. 1998).
[50] *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); *Williams v. Cain*, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999)); *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000).
[51] *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'"[52] The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition.[53] A "pertinent judgment or claim" requires that the state court filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims being raised in the federal habeas corpus petition.[54]

As calculated above, Kondylis's conviction was deemed final under federal law on August 26, 2016. The AEDPA limitations period began to run the next day, August 27, 2016, and continued to do so for one year without interruption through August 26, 2017, when it expired. During that period, Kondylis had no properly filed state post-conviction or other collateral review pending in any state court to interrupt the running of the AEDPA one-year filing period. Although Kondylis later filed for state post-conviction relief on July 20, 2018,[55] the application was filed after the AEDPA limitations period expired and thus does not afford him any tolling benefit nor does it revive the expired limitation period.[56]

### 2. No Equitable Tolling Warranted

The United States Supreme Court has held that AEDPA's one-year statute of limitations period in § 2244(d)(1) may be equitably tolled only when the petitioner has pursued his rights

---

[52] *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (a matter is "pending" for § 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")
[53] *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, No. 99-3364, 2001 WL 995164, at *5 (3d Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").
[54] *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005).
[55] ECF No. 7-6 at 68, Application for Post-Conviction Relief, 7/20/18.
[56] *See Madden v. Thaler*, 521 F. App'x 316, 320 (5th Cir. 2013); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Magee v. Cain*, No. 99-3867, 2000 WL 1023423, at *4 (E.D. La. Jul. 24, 2000) (citing *Williams v. Cain*, No. 00-536, 2000 WL 863132, at *2 (E.D. La. Jun. 27, 2000)), *aff'd*, 253 F.3d 702 (5th Cir. 2001).

diligently and rare or extraordinary circumstances exist that prevented timely filing.[57] Those who "sleep on their rights" are not entitled to equitable tolling.[58] Thus, equitable tolling is warranted only in situations during which a petitioner acted diligently, but otherwise was actively misled or prevented in some extraordinary way from asserting his rights.[59]

As an initial matter, the purpose of the federal equitable tolling doctrine relates to the suspension of the federal limitations period under the AEDPA and not state law filing deadlines for state court pleadings.[60] Nevertheless, to the extent that Kondylis's pleas to explain his delay in filing his most recent application for post-conviction relief similarly led to his tardiness in federal court, he has not established a basis for granting the extraordinary remedy of equitable tolling of the AEDPA's one-year filing period.

First, a prisoner's *pro se* status, lack of legal training, ignorance of the law and filing deadlines, and even reliance on inmate counsel do not constitute rare and exceptional circumstances warranting equitable tolling.[61] Further, while Kondylis complains of limited access to the prison law library while in protective custody, he provides no specific dates or even specific instances when he was prevented from accessing the law library.[62] Kondylis further provides no

---

[57] *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998).
[58] *Fisher*, 174 F.3d at 715 (quoting *Covey v. Ark R. Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).
[59] *Pace*, 544 U.S. at 418-19; *Cousin*, 310 F.3d at 848.
[60] *See Pace*, 544 U.S. at 419; *Davis*, 158 F.3d at 811.
[61] *See, e.g.*, *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) ("[N]either 'excusable neglect' nor ignorance of the law is sufficient to justify equitable tolling."); *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008) ("Proceeding *pro se* is alone insufficient to equitably toll the AEDPA statute of limitations."); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("[P]roceeding pro se is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling."); *Smallwood v. Cain*, No. 12-2812, 2013 WL 5757663, at *10 (E.D. La. Oct. 23, 2013) ("The fact that Smallwood is not educated in the law or is reliant upon assistance from inmate counsel on post-conviction does not warrant equitable tolling. In fact, the United States Fifth Circuit has held that circumstances such as lack of legal assistance in preparing post-conviction pleadings, ignorance of the law, lack of knowledge of filing deadlines, and temporary denial of access to or inadequacy of research materials or a prison law library are not sufficient to warrant equitable tolling." (citations omitted)).
[62] ECF No. 3-1 at 6.

11

actual evidence "that lack of access to legal materials *actually prevented*" him from filing either his most recent application for post-conviction relief or his federal petition for writ of habeas corpus earlier.[63]

Kondylis also argues that his "comprehension skills" are "extremely challenging due to the mental health issues addressed by the court regarding petitioner's competency heading up to trial, and the ongoing effects and disability suffered by petitioner while serving in the United States Navy when a ship explosion caused a traumatic brain injury."[64] He appears to contend that "lifelong brain damage and medical conditions that ensued" prevented him from timely filing his habeas petition.[65]

The Fifth Circuit has acknowledged that mental incompetency could support equitable tolling of the statute of limitations.[66] While mental illness may toll the statute of limitations, however, it does not do so as a matter of right, and the petitioner still bears the burden of proving rare and exceptional circumstances.[67]

For mental illness or impairment to warrant equitable tolling, the petitioner must make a threshold showing of incompetence and must show that this incompetence affected his ability to file a timely habeas petition.[68] The petitioner must present sufficient facts to show that the mental illness or impairment precluded him from asserting his rights.[69] Conclusory allegations of incompetence or mental illness are not sufficient.[70]

---

[63] *Krause v. Thaler*, 637 F.3d 558, 561-62 (5th Cir. 2011) (emphasis in original); *accord Banks v. Hooper*, No. 21-1788, 2024 WL 3100690, at *5 (E.D. La. April 2, 2024), *appeal dismissed*, No. 24-30387 (5th Cir. Aug. 21, 2024).
[64] ECF No. 3-1 at 6.
[65] *Id.*
[66] *See, e.g.*, *Palacios v. Stephens*, 723 F.3d 600, 608 (5th Cir. 2013).
[67] *Smith*, 301 F. App'x at 377 (citing *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002)).
[68] *Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013).
[69] *Smith v. Johnson*, 247 F.3d 240 at *2 (5th Cir. 2001).
[70] *Smith v. Kelly*, 301 F. App'x at 378; *see also United States v. Valles*, No. 19 19-50343, 2023 WL 248889, at *2 (5th Cir. Jan. 18, 2023).

Kondylis submitted a copy of a certificate of release or discharge from active duty on July 1, 1988, which provides the reason for separation as "OTHER PHYSICAL/MENTAL CONDITIONS – PERSONALITY DISORDER."[71] He also submitted a September 9, 2024, incomplete report from the Department of Veterans Affairs Veterans Benefits Regional Office which indicates his service-connected mental health condition was updated from "unspecified personality disorder" to "major neurocognitive disorder" including unspecified anxiety disorder and opioid use disorder in sustained remission.[72] According to the report, a 10% evaluation was assigned for his traumatic brain injury based on the highest severity of "1."[73] The department found that a higher evaluation was not warranted.[74] Kondylis also was assigned a 70% evaluation for his major neurocognitive disorder.[75]

Kondylis has failed to offer sufficient facts to show that he was unable to present his claims in a timely manner. Rather, the record reflects that on April 12, 2012, he was deemed to be competent to assist counsel and stand trial.[76] Nothing suggests that traumatic brain injury sustained over thirty years ago or any resulting conditions rendered him unable to timely pursue his legal rights.[77] Instead, the record reflects that Kondylis's 2018 and 2021 applications for post-conviction relief were counsel-filed.[78] Further, Kondylis was able to file several *pro se* motions and timely filed various related writ applications from February 2019 through May 2024.[79]

---

[71] ECF No. 3-3 at 43.
[72] *Id.* at 76.
[73] *Id.* at 77.
[74] *Id.*
[75] *Id.* at 76.
[76] ECF No. 7-1 at 27, Min. Entry, 4/12/12.
[77] *Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013) (no "causal connection" between petitioner's alleged mental illness and his failure to timely file his federal habeas corpus petition); *Beauchman v. Mahoney*, 316 F. App'x 647, 648 (9th Cir. 2009) (petitioner failed to establish that mental incapacity resulting from a brain injury was the cause of his untimeliness where record reflected that he sought other state and federal relief over the years).
[78] ECF No. 7-6 at 74, 84, Uniform Application for Post-Conviction Relief, 7/20/18; *id.* at 146, 168, Second of Subsequent Uniform Application for Postconviction Relief, 3/30/21.
[79] ECF No. 7-6 at 133-35, Motion to Enforce Terms of Plea Agreement, 2/14/219; ECF No. 7-7 at 149-60, Amendment to Request for Post Conviction Relief Presently Pending Before the Court, 6/8/23; *id.* at 178-82, Motion and Order

13

Finally, the fact that Kondylis has asserted ineffective assistance of trial counsel does not excuse his untimely federal filing.

In *Martinez v. Ryan*,[80] the Court held that a state-imposed "procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance of counsel at *trial* if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."[81] In *Trevino v. Thaler*,[82] the Supreme Court held that *Martinez* applies where "the [state] procedural system — as a matter of its structure, design, and operation — does not offer most defendants a meaningful opportunity to present a claim of ineffective assistance of trial counsel on direct appeal."[83]  However, neither *Martinez v. Ryan* nor *Trevino v. Thaler* (or their progeny) provide a basis for review of Kondylis's untimely filed federal petition.

Here, the bar at issue arises from Kondylis's failure to meet the *federal* limitations deadline under the AEDPA, not any *state procedural rule*.[84]  Further, *Martinez* and *Trevino* do not constitute new rules of constitutional law made retroactive on collateral review that would start a

---

for Relief Under Art. 930.1, 10/16/23; ECF No. 7-8, at 4-21, La. S. Ct. Writ Application, 19-KH-231, 2/11/19 (signed 1/24/19); ECF No. 7-9 at 2-17, La. App. 1st Cir. Writ Application, 2019-KW-0394, 3/19/19; ECF No. 7-10, at 2-29, La. 1st Cir. Writ Application, 2019-KW-1049, 8/5/19; ECF No. 7-11, at 2-43, La. S. Ct. Writ Application, 19-KH-1965, 10/21/19; ECF No. 7-12, at 2-31, La. App. 1st Cir. Writ Application, 2023-KW-1103, 10/31/23 (signed 10/25/23); ECF No. 7-13, at 2-183, La. App. 1st Cir. Writ Application, 2024-KW-0151, 2/22/24; ECF No. 7-14, at 2-190, La. S. Ct. Writ Application, 2024-KH-701, 6/4/24 (signed 5/30/24).
[80] 566 U.S. 1 (2012).
[81] 566 U.S. at 17 (emphasis added).
[82] 569 U.S. 413 (2013).
[83] 569 U.S. at 1921.
[84] *See Arthur v. Thomas*, 739 F.3d 611, 630-31 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); *Smith v. Rogers*, No. 14-0482, 2014 WL 2972884, at *1 (W.D. La. Jul. 2, 2014) (finding *Martinez* inapplicable to AEDPA's statute of limitations); *Falls v. Cain*, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun. 13, 2014) (Order adopting Report and Recommendation finding *Martinez* and *Trevino* inapplicable to AEDPA's statute of limitations).

new one-year filing period under the AEDPA.[85] Thus, neither *Martinez* nor *Trevino* excuses Kondylis's untimely filing of his federal habeas petition.[86]

Kondylis has asserted no reason that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled in this case, and I can find none. The record does not establish any circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent to warrant equitable tolling in this case.[87] Kondylis, therefore, is not entitled to equitable tolling of the one-year AEDPA filing period.

### C. Subsection D

Reading his petition broadly, Kondylis appears to claim that he is entitled to a delayed commencement under 28 U.S.C. § 2244(d)(1)(D).[88] For the reasons that follow, Kondylis has failed to demonstrate that Subsection D is the appropriate statutory trigger for the federal limitations period.

Subsection D provides for delayed commencement of the federal limitations period when a petitioner's claim is based on a factual predicate that could not have been discovered earlier

---

[85] *See In re Paredes*, 587 F. App'x 805, 813 5th Cir. 2014) ("the Supreme Court has not made either *Martinez* or *Trevino* retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012).
[86] *Moody v. Lumpkin*, 70 F.4th 884, 892 (5th Cir. 2023) (finding *Martinez* "has no applicability to the statutory limitations period prescribed by AEDPA).
[87] *See Holland v. Florida*, 560 U.S. 631, 651-54 (2010) (equitable tolling warranted when attorney was grossly negligent and failed to meet professional standards of care when he ignored client's requests to timely file a federal petition and failed for years to respond to client's letters or communicate with client); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling warranted for significant state-created delay when, for almost one year, state appeals court failed in its duty under Texas law to inform petitioner his state habeas petition was denied despite his persistent requests, and petitioner diligently pursued federal habeas relief); *United States v. Wynn*, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that timely motion to vacate was filed); *Coleman*, 184 F.3d at 402 ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher*, 174 F.3d at 715 (tolling not justified during petitioner's 17-days in psychiatric ward where he was confined, medicated, separated from his glasses and rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court thrice extended deadline to file habeas corpus petition beyond expiration of the AEDPA grace period).
[88] ECF No. 3-1 at 6-7.

15

through the exercise of due diligence.[89] Notably, this subsection does not delay the commencement of the limitations period until the date on which the factual predicate of a claim was in fact discovered or developed; rather, it delays commencement only until the date on which it "could have been discovered through the exercise of due diligence."[90] As the United States Fifth Circuit has held, "that this means the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim."[91] Thus, § 2244(d)(1)(D) "does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim."[92]

> The "test of due diligence under section 2244(d)(1)(D) is objective, not subjective." *Petitioner must show why he was unable to discover the factual predicate at an earlier date. Merely alleging that he did not know the facts underlying his claim(s) is insufficient.* Several courts have equated the exercise of due diligence to a rule of "inquiry notice." In other words, when should a petitioner "have learned of the new evidence" had he "exercised reasonable care." The due diligence standard "requires the petitioner to exercise the consideration expected of a reasonably prudent person under similar circumstances."[93]

---

[89] 28 U.S.C. § 2244(d)(1)(D).
[90] *Id.*; *see Manning v. Epps*, 688 F.3d 177, 189–90 (5th Cir. 2012) (argument that § 2244(d)(1)(D) runs from actual discovery of claim is an "untenable theory."); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("the time commences when the factual predicate 'could have been discovered through the exercise of due diligence,' not when it was actually discovered by a given prisoner ... [and] not when the prisoner recognizes their legal significance.").
[91] *In re Young*, 789 F.3d 518, 528 (5th Cir. 2015) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)).
[92] *Galbraith v. Hooper*, No. 22-30159, 2025 WL 2407275, at *8 (5th Cir. Aug. 20, 2025) (citing *Flanagan*, 154 F.3d at 199).
[93] *Matthews v. Louisiana*, No. 18-589, 2021 WL 4484991, at *3 (M.D. La. Aug. 18, 2021) (emphasis added; footnotes omitted), *adopted*, 2021 WL 4480990 (M.D. La. Sept. 29, 2021); *accord Koon v. Cain*, No. 13-2538, 2014 WL 120894, at *5 (W.D. La. Jan. 13, 2014) ("[L]imitations is not reckoned from the date petitioner discovered the factual predicate of his claim, but rather from the date it 'could have been discovered through the exercise of due diligence ...' [Section 2244(d)(1)(D)] and petitioner bears the burden of establishing that date." (italics omitted)); *Dabbs v. Thaler*, No. 3:12-CV-0597, 2012 WL 4442414, at *3 (N.D. Tex. Sept. 5, 2012) ("The petitioner bears the burden of establishing the applicability of section 2244(d)(1)(D), including his due diligence."), *adopted*, 2012 WL 4458402 (N.D. Tex. Sept. 26, 2012); *Allen v. Hancock*, No. 1:11CV123, 2011 WL 7461993, at *2 (S.D. Miss. Nov. 9, 2011) ("Petitioner bears the burden in establishing that he exercised due diligence in searching for a factual predicate for his habeas claim."), adopted, 2012 WL 728546 (S.D. Miss. Mar. 6, 2012), *certificate of appealability denied*, No. 12-602000 (5th Cir. Aug. 8, 2012); *Redmond v. Jackson*, 295 F. Supp. 2d 767, 772 (E.D. Mich. 2003) ("[A] habeas petitioner has the burden of proof in establishing that he exercised due diligence in searching for the factual predicate of the habeas claims.").

Kondylis appears to suggest that the factual basis for several of the claims in his habeas petition were unknown to him until he received the State's opposition to his 2023 application for post-conviction relief.[94] Specifically, in his 2023 application for post-conviction relief, Kondylis asserted, among other claims, that his counsel was ineffective for failing to file a motion to suppress the evidence seized from the search an apartment and/or object to "other crimes" evidence as fruit of the poisonous tree.[95] In its supplemental answer, the State asserted that Kondylis's counsel in fact filed such a motion on May 28, 2010 and attached a copy of the motion.[96]

Kondylis misapplies Subsection D. "The relevant inquiry under Subsection D is not the date the fact in question was actually discovered by him, *but the date it could have been discovered with reasonable diligence*."[97] Thus, the limitations period would not run from the date on which Kondylis had in his possession all evidence to support his claims, but rather the date on which Kondylis could have discovered the evidence through the exercise of due diligence.

Here, the record reflects that the minute entries of August 5, 2010, November 4, 2010, March 13, 2012, April 12, 2012, June 21, 2012, July 23, 2012, and July 26, 2012, specifically refer to the motion to suppress the evidence.[98] Although not present for all hearings, Kondylis was present at the hearings on August 5, 2010, and November 4, 2010, during which the motion to suppress was deferred.[99] On August 6, 2012, again in Kondylis's presence, defense counsel announced he was ready to proceed with the trial despite the apparent absence of a ruling on the

---

[94] ECF No. 3-1 at 6.
[95] ECF No. 7-7, at 149, 154-58, Amendment to Request for Post Conviction Relief Presently Pending Before the Court, 6/8/23.
[96] ECF No. 7-7 at 169, 171, State's Supplemental Answer to Defendant's Successive Application for Post-Conviction Relief, 8/9/23.
[97] *Roberts v. Cain*, No. 14-2119, 2016 WL 7438489, at *6 (E.D. La. Dec. 27, 2016) (emphasis added), *certificate of appealability denied*, No. 17-30020, 2017 WL 6811900 (5th Cir. Oct. 12, 2017).
[98] ECF No. 7-1, at 9, Min. Entry, 8/5/10; *id.* at 10, Min. Entry, 11/4/10; *id.* at 26, Min. Entry 3/13/12; *id.* at 27, Min. Entry 4/12/12; *id.* at 28, Min. Entry, 6/21/12; *id.* at 29, Min. Entry, 7/23/12; *id.* at 30, Min. Entry, 7/26/12.
[99] *Id.* at 9, Min. Entry, 8/5/10; *id,* at 10, Min. Entry, 11/4/10

17

motion.[100] Given his presence at the prior hearings, Kondylis should have been aware of the motion. Thus, the fact that Kondylis received a copy of the motion sometime after the State filed its August 9, 2023, response does not constitute a new factual predicate that would alter the beginning date of the AEDPA one-year statute of limitations.

## CONCLUSION

The one-year AEDPA limitations period expired on August 26, 2017, long before Kondylis filed his federal petition on March 19, 2025. Kondylis has not established any basis for statutory tolling of this one-year AEDPA limitation period. Further, he has not set forth any basis to find rare or exceptional circumstances necessary to equitably toll the one-year statute of limitations period, and I can find none in my review of the record. In short, the record does not establish any circumstances that might fit within the restrictive boundaries of "exceptional circumstances" described in binding precedent to warrant equitable tolling in this case.[101] Nor has Kondylis established any other recognized exception to the expiration of the AEDPA limitations period.[102]

---

[100] *Id.* at 31, Min. Entry, 8/6/12; *id.* at 151, Trial Transcript, 8/6/12.

[101] *See Holland v. Florida*, 560 U.S. 631, 651-54 (2010) (equitable tolling warranted when attorney was grossly negligent and failed to meet professional standards of care when he ignored client's requests to timely file a federal petition and failed for years to respond to client's letters or communicate with client); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling warranted for significant state-created delay when, for almost one year, state appeals court failed in its duty under Texas law to inform petitioner his state habeas petition was denied despite his persistent requests, and petitioner diligently pursued federal habeas relief); *United States v. Wynn*, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that timely motion to vacate was filed); *Coleman*, 184 F.3d at 402 ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher*, 174 F.3d at 715 (tolling *not* justified during petitioner's 17-days in psychiatric ward where he was confined, medicated, separated from his glasses and rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did *not* justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court thrice extended deadline to file habeas corpus petition beyond expiration of the AEDPA grace period).

[102] The Supreme Court has recognized that a petitioner may meet a "gateway exception" to avoid an already expired limitations period if he submits new, reliable evidence of his actual innocence with his § 2254 application. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *see also Schlup v. Delo*, 513 U.S. 298, 314-16 (1995). "The Supreme Court has made clear that the term 'actual innocence' means factual, . . . [thus,] 'actual' innocence, as the Court stated in *McCleskey*, means that the person did not commit the crime." *Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) (footnotes omitted). Fields has not asserted his actual innocence or presented any new, reliable evidence to meet the high burden set forth in *McQuiggin* to forgive the expiration of the AEDPA statute of limitations.

With no basis for tolling or any other recognized exception to the AEDPA limitation period, Kondylis's federal petition deemed filed on March 19, 2025, is *not* timely filed. It must therefore be dismissed with prejudice for that reason.

### RECOMMENDATION

For the foregoing reasons,

**IT IS RECOMMENDED** that Panagiotis Kondylis's habeas corpus petition under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[103]

New Orleans, Louisiana, this __15th__ day of January, 2026.



DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[103] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).