# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 1, 2026

Lyle W. Cayce
Clerk

No. 26-30166

Panagiotis Kondylis,

*Petitioner—Appellant*,

*versus*

Michele Dauzat, *Warden, David Wade Correctional Center*,

*Respondent—Appellee*.

Application for Certificate of Appealability
the United States District Court
for the Eastern District of Louisiana
USDC No. 2:25-CV-610

ORDER:

Panagiotis Kondylis, Louisiana prisoner # 519597, requests a certificate of appealability (COA) to appeal the dismissal, as time barred, of his 28 U.S.C. § 2254 application challenging his jury trial conviction of distribution of cocaine and his sentence of 99 years of imprisonment. In his COA filing in this court, Kondylis argues the merits of several constitutional claims, contends that the district court failed to consider the magnitude of his neurocognitive disorder, and details his mental health issues. He also challenges the district court's determination that he lacked diligence, asserting that he was diligent under the difficult circumstances he faced.

To obtain a COA, Kondylis must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court denies relief on procedural grounds, a COA should issue if the applicant establishes, "at least, that jurists of reason would find it debatable whether the [application] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Although the filings of pro se litigants such as Kondylis are entitled to liberal construction, *see Morrow v. F.B.I.*, 2 F.3d 642, 643 n.2 (5th Cir. 1993), even pro se litigants must brief arguments in order to preserve them, *see Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Because he fails to challenge the district court's determination that his § 2254 application was not timely filed and its denial of equitable tolling, Kondylis has abandoned these issues. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999). As Kondylis has failed to make the requisite showing, his COA motion is DENIED.

/s/ Jennifer W. Elrod
JENNIFER WALKER ELROD
*Chief Judge*